24-500
Rojas-Toledo v. Bondi

BIA
Hom, IJ
A209 980 447

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-five.

PRESENT:
DENNIS JACOBS,
PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*
_____

ANGELICA MARIBEL ROJAS-TOLEDO,

*Petitioner*,

v.                                                                    **24-500**
                                                                      **NAC**
PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:          Reuben S. Kerben, Esq., Kerben Law Firm,

P.C., Kew Gardens, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Alanna T. Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Angelica Maribel Rojas-Toledo, a native and citizen of Ecuador, seeks review of a January 30, 2024, decision of the BIA affirming a February 12, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum and withholding of removal.[1] *In re Angelica Maribel Rojas-Toledo*, No. A 209 980 447 (B.I.A. Jan. 30, 2024), *aff'g* No. A 209 980 447 (Immig. Ct. N.Y. City Feb. 12, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the

---

[1] We do not address petitioner's claim under the Convention Against Torture because she does not address it in her brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment" (quotation marks omitted)).

BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [her]." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) ("one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus" between the persecution and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). And where, as here, an applicant seeks relief based on membership in a particular social group, she must show both that the group is cognizable and that she was harmed on account of her membership in that group. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

3

A group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Matter of W-G-R-*, 26 I. & N. Dec. 208, 212–18 (B.I.A. 2014); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). We agree with the agency's determination that Rojas-Toledo's particular social group—"victims of domestic violence who were unsuccessful in seeking police assistance"—is not cognizable because it is impermissibly circular and defined only by the claimed persecution. "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Paloka*, 762 F.3d at 196 (quotation marks omitted); *Matter of M-E-V-G-*, 26 I. & N. Dec. at 232 (reiterating that "a 'particular social group' cannot be defined exclusively by the claimed persecution, . . . it must be 'recognizable' as a discrete group by others in the society, and . . . it must have . . . well-defined boundaries," i.e., the group "must not be amorphous, overbroad, diffuse, or subjective").

Rojas-Toledo challenges the authority the agency relied on to find her particular social group not cognizable, but we discern no error. The IJ's 2019

decision cited *Matter of A-B-*, 27 I. & N. Dec. 316, 335 (A.G. 2018) ("*Matter of A-B-I*"), which held that victims of domestic violence generally are not a cognizable social group because the group is defined by its harm. As Rojas-Toledo points out, that decision was vacated by the Attorney General in 2021 in *Matter of A-B-III*, 28 I. & N. Dec. 307, 309 (A.G. 2021). However, *A-B-I* was good law at the time of the IJ's 2019 decision, and the BIA's 2024 decision acknowledged the vacatur, but agreed with the IJ's cognizability determination because the proposition for which the IJ cited *A-B-I*—that a particular social group must exist independently of the harm asserted—was an accurate statement of the law. *See Paloka*, 762 F.3d at 196; *Matter of M-E-V-G-*, 26 I. & N. Dec. at 232, 239.

We also reject Rojas-Toledo's argument that her group is cognizable under *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014), which the BIA instructed IJs to follow in *A-B-III*. *See Matter of A-B-III*, 28 I. & N. Dec. at 307–08.[2] In *A-R-C-G-*, the BIA determined that "married women in Guatemala who are unable to leave their relationship" were a cognizable particular social group given the immutable characteristics of both gender and marital status in Guatemala, as established by

[2] We also note that *A-B-III* was in turn recently overturned, and the Attorney General explicitly instructed the agency to adhere to *Matter of A-B- I* and to disregard *Matter of A-R-C-G-*. *See Matter of S-S-F-M-*, 29 I. & N. Dec. 207, 207 (A.G. 2025).

5

the petitioner's experiences and confirmed by her country conditions evidence. But the BIA emphasized that such a determination for similar groups will depend on the specific circumstances of the case and country conditions. *A-R-C-G-*, 26 I. & N. Dec. at 392–93. Rojas-Toledo's case is distinguishable because she was not married (and her relationship ended); moreover, *A-R-C-G-* reaffirmed that a group cannot be "defined by the fact that the applicant is subject to domestic violence." 26 I. & N. at 393, n.14. Unlike the petitioner in *A-R-C-G-*, Rojas-Toledo offers no evidence that her proposed group exists independently of the harm that defines it; she simply asserts, without explanation, that she satisfied immutability, particularity, and social distinction.

Although Rojas-Toledo recognizes that a group must exist independently of the persecutory conduct to be cognizable, she also contends that we have affirmed that "persecution can be the 'catalyst' for societal recognition," *Paloka*, 762 F.3d at 198. However, she does not explain how her experience of persecution acted as a catalyst for societal recognition and thus social distinction, instead just asserting that it is so because it is a "minority population." Finally, she fails to cite any country conditions evidence supporting her cognizability arguments, which is particularly damaging because part of her cognizability argument is that she

6

unsuccessfully sought police assistance; but there is no evidence to determine how people in Ecuador view those who unsuccessfully seek assistance and whether the group has definable boundaries in Ecuadorian society. *Cf. Matter of A-R-C-G-*, 26 I. & N. at 392–94.

As an independent ground for denying this petition, Rojas-Toledo has failed to exhaust her challenge to the agency's separately dispositive nexus finding. Issue exhaustion is "not jurisdictional," *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), but it is mandatory when, as here, the Government raises it, *see Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023); *accord Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Rojas-Toledo's assertion that the IJ did not make an express nexus finding is belied by the language of the IJ's decision. The IJ expressly found that Rojas-Toledo's "fear of violence from this man and his criminal acts lacks a nexus to a protected ground." Certified Administrative Record at 29–30 (IJ Dec.). Her failure to challenge the nexus determination on appeal to the BIA means any challenge to that finding is unexhausted, and we cannot hear it. *Ud Din*, 72 F.4th at 419–20 &

n.2; *Prabhudial v. Holder*, 780 F.3d 563, 555–56 (2d Cir. 2015) ("Where the agency properly applies its own waiver rule . . . this Court's review is limited to whether the BIA erred in deeming the argument waived."). In any event, Rojas-Toledo does not challenge the substance of the nexus determination. *See Debique*, 58 F.4th at 684; *Quituizaca*, 52 F.4th at 109–14.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court